BLISS VALLEY GROWERS, A.K.A. GEO/PLEUROTUS GROWERS, LTD., ROBERT A. ERKINS, TAX MATTERS PARTNER & REX S. LEFORGEE, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bliss Valley Growers v. Commissioner
Docket No. 29870-91
United States Tax Court
T.C. Memo 1994-533; 1994 Tax Ct. Memo LEXIS 542; 68 T.C.M. (CCH) 1026; October 24, 1994, Filed *542 For petitioners: James H. Stethem and Michael R. Nelson. For respondent: Tim A. Tarter. FAY, WOLFE
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This matter is before the Court on petitioners' Motion for Award of Administrative and Litigation Costs *543 pursuant to section 7430 and Rule 231. Petitioners seek an award in the amount of $ 30,697.25, consisting of $ 5,865.94 for costs incurred by petitioners in the course of the administrative proceedings before respondent and $ 24,831.31 for costs incurred by petitioners in connection with litigation before this Court. On September 16, 1991, respondent, by notices of final partnership administrative adjustment (FPAA), determined adjustments to partnership items of Bliss Valley Growers, a.k.a. Geo/Pleurotus Growers, Ltd. (the partnership), for its fiscal years ended June 30, 1984 and 1985, in the following amounts: Partnership Item
1984
1985
Depreciation
$ (4,125)
$ 37,177
Additional income
15,533 0
Consultant fees
75,000 0
Amortization expense
(5,000)
0
Qualified investment in energy
credit property
804,502 392,562
Qualified investment in investment
credit property
228,625 0
The issue for decision is whether petitioners are entitled to an award of administrative and litigation costs. Petitioners' position is that respondent was not substantially justified in reducing petitioners' claimed investment and energy tax credits. The petition for readjustment *544 of the partnership items was filed on December 20, 1991, when petitioner Rex S. Leforgee was a resident of Twin Falls, Idaho. The principal place of business of Bliss Valley Growers when the petition was filed was Bliss, Idaho. Respondent's answer was filed on May 20, 1992. Prior to issuance of the FPAA, respondent sent the tax matters partner of Bliss Valley Growers a letter indicating the proposed audit adjustments and inviting any partner to request an Appeals Office conference by filing a written protest with the Internal Revenue Service within 60 days of issuance of the letter. On September 7, 1990, respondent received a written protest from Rex S. Leforgee. An Appeals Office conference was never conducted with petitioners, however, because petitioners indicated that settlement discussions would be useless until an opinion in (hereinafter the OTM case), was issued by this Court. On September 16, 1991, respondent mailed the FPAA to the tax matters partner of the partnership. The OTM case was the first case to examine whether the costs of various structures used in a geothermally *545 heated mushroom growing facility could qualify as investments for purposes of the energy tax credit. On May 19, 1992, this Court issued its opinion in the OTM case in which the Court held that the mushroom grow rooms in that case were eligible for the energy tax credit in an amount reflecting the percentage of energy usage derived from geothermal sources multiplied by the cost of the assets. This case was calendared for the Boise, Idaho, session of this Court beginning on May 17, 1993. On March 29, 1993, the parties met for the first time to discuss settlement of the case. Prior to May of 1993, petitioners had not provided respondent with substantiation of the amount of geothermal energy utilized by the partnership's growing facility or the costs associated with the growing facility. On May 6, 1993, petitioners first presented to respondent substantiation of the amounts of geothermal energy utilized by partnership's mushroom growing facility. On May 10, 1993, respondent received for the first time documentation of the costs associated with the mushroom growing rooms. On May 17, 1993, the parties settled the case. Petitioners' counsel was not required to travel to Boise, *546 Idaho, for the calendar call of the case. Instead, the parties read into the Court's record a basis for settlement of all issues raised in the FPAA. Respondent concedes that petitioners (1) substantially prevailed with respect to the amount in controversy within the meaning of section 7430(c)(4)(A)(ii), (2) have not unreasonably protracted the proceedings within the meaning of section 7430(b)(4), and (3) have satisfied the net worth requirements of section 7430(c)(4)(A)(iii). Respondent argues that her position was substantially justified within the meaning of section 7430(c)(4)(A)(i), that petitioners did not exhaust their administrative remedies as required by section 7430(b)(1), and that the amount of costs claimed is not reasonable. Under the circumstances of this case, to recover litigation and administration costs under section 7430 petitioners must show that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(i). Petitioners' argument to support an award of litigation and administration costs is that respondent did not properly investigate the partnership transactions prior to disallowing the partnership's claimed energy and investment tax credits *547 and that the disallowance of the credits had no basis. To decide whether or not the position of the United States is substantially justified, we must decide when the position of the United States first was established. This case was commenced by petition filed on December 20, 1991, and therefore, section 7430(c)(7) is applicable in deciding the date the position of the United States was established. For purposes of deciding whether petitioners are entitled to administrative costs, the position of the United States is established as of the date of issuance of the FPAA, September 16, 1991. See sec. 7430(c)(7)(B); see also , to the effect that the FPAA and the statutory notice of deficiency have similar functions. In deciding whether petitioners are entitled to reasonable administrative costs, we are concerned with respondent's actions from September 16, 1991, until the date on which respondent first took a position following commencement of the litigation. For purposes of deciding whether petitioners are entitled to litigation costs, the position of the United States is the position which respondent *548 took in the judicial proceeding. Sec. 7430(c)(7)(A). For purposes of the proceeding in this Court respondent took a position on May 20, 1992, the date she filed her answer. See . The question whether respondent's position was not substantially justified turns on a finding of reasonableness. See , and cases cited therein. Petitioners bear the burden of establishing that respondent's position was unreasonable. Rule 232(e); . In the FPAA respondent determined that the partnership's claimed credits should be reduced because petitioners did not establish that they were entitled to the full amount of credits claimed. In her answer respondent denied allegations related to the energy and investment tax credits on the basis of lack of information. In our view, respondent's position was substantially justified as of the date of both the FPAA and respondent's answer. At such times, petitioners had not yet substantiated the amount of geothermal energy utilized by or *549 the costs associated with the grow rooms. In addition, at the time of issuance of the FPAA, the OTM case had not been decided and there was no authority as to whether mushroom grow rooms qualified for the energy tax credit. While the issue was decided for the taxpayers in the OTM case, the opinion in that case plainly shows that it involved substantive issues of fact and law. When respondent filed her answer, petitioners had not provided substantiation for the claimed tax credits. Respondent reasonably required such substantiation. Once petitioners sent respondent proof of the amount of geothermal energy used in the grow rooms and the costs associated with the grow rooms, respondent conceded the case within 7 days. Because we find that respondent's position was substantially justified throughout the administrative proceeding and judicial proceeding, we need not reach the issues of whether or not petitioners exhausted their administrative remedies and whether the litigation and administration costs were reasonable. From the record in this case, we conclude that respondent acted in a reasonable manner and that respondent was substantially justified in issuing the FPAA *550 and her answer. In addition, respondent expeditiously conceded the issue when petitioners provided convincing evidence concerning the matters in dispute. Accordingly, petitioners' Motion for Award of Administrative and Litigation Costs is denied. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue; however, references to sec. 7430 are to the Code in effect at the time this case was filed. Because the proceedings in the instant case were commenced after Nov. 10, 1988, sec. 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239, 102 Stat. 3743, applies. All Rule references are to the Tax Court Rules of Practice and Procedure.↩